J-S83024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLA HOLLINGSHEAD | : | |
| | : | |
| Appellant | : | No. 718 WDA 2018 |

Appeal from the Order April 19, 2018
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001252-2013

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED MAY 30, 2019**

Appellant, Kyla Hollingshead, appeals from the order denying her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Previously, this Court summarized the history of this case as follows:

> The factual background of this case is as follows.  In August 2010, Appellant was hired by Altoona Area High School to serve as an assistant coach of the girls' soccer team.  In October 2010, Appellant began a romantic relationship with a 15-year-old player on the team.  In October 2012, Appellant began a romantic relationship with a 16-year-old player on the team.  Eventually, both relationships led to sexual contact between Appellant and the players.
>
> The procedural history of this case is as follows.  On June 21, 2013, Appellant was charged via criminal information with two counts of corruption of minors[1] and one count of institutional sexual assault.[2]  On December 9, 2013, Appellant pled guilty to one count [each] of corruption of minors and institutional sexual assault.  She was immediately sentenced to 60 days to 23 ½ months' imprisonment followed by 30 months' probation.  The trial

court also ordered that the Sexual Offender Assessment Board ("SOAB") evaluate Appellant to determine if she met the criteria to be classified as [a sexually violent predator ("SVP")].

<sup></sup>

[1] 18 Pa.C.S.A. § 6301(a)(1).

[2] 18 Pa.C.S.A. § 3124.2(a)(2.1).

On March 17, 2014, the Commonwealth filed a praecipe for an SVP hearing, which occurred on June 3, 2014. Corrine Scheuneman, MA, LPC, a member of the SOAB, testified on behalf of the Commonwealth and Dr. Timothy Foley testified on behalf of Appellant. After considering post-hearing briefs, the trial court designated Appellant an SVP, and issued an opinion explaining its rationale.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 188-189 (Pa. Super. 2015).

Appellant filed a timely direct appeal.[1] This Court affirmed Appellant's judgment of sentence on February 19, 2015. *Hollingshead*, 111 A.3d 186. On October 14, 2015, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Hollingshead*, 125 A.3d 1199 (Pa. 2015).

On January 11, 2018, Appellant filed the instant PCRA petition, which she entitled "Petitions Relative to Sexual Offender Registration." PCRA Petition, 1/11/18. In the petition, Appellant sought to vacate her SVP determination and to terminate registration. *Id*. at 4. The PCRA court held a

---

[1] As this Court stated in Appellant's direct appeal, "[Appellant] appeals from the judgment of sentence entered on December 9, 2013, as made final by the order entered on July 30, 2014 which designated [Appellant] as a[n SVP]." *Hollingshead*, 111 A.3d at 188.

hearing on February 27, 2018. Subsequently, both Appellant and the Pennsylvania State Police filed memoranda of law. On April 19, 2018, the PCRA court entered an order denying and dismissing Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S POST CONVICTION RELIEF ACT PETITION'S REQUEST THAT HER SEXUALLY VIOLENT PREDATOR DESIGNATION BE REMOVED DESPITE APPELLATE RULINGS TO THE CONTRARY?

II. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S POST CONVICTION RELIEF ACT PETITION'S REQUEST THAT SHE NOT BE SUBJECT TO SORNA I REGISTRATION UNDER 42 PA.C.S.A. 9799.10 et seq. (CHAPTER H) WHEN SORNA I HAS BEEN RENDERED OBSOLETE AND NO LONGER VALID BY THE PASSAGE OF SORNA II (CHAPTER I)?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no

support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] ***See Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.

---

[2] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

As previously noted, Appellant's judgment of sentence was affirmed by this Court on February 19, 2015. ***Hollingshead***, 111 A.3d 186. On October 14, 2015, our Supreme Court denied Appellant's petition for allowance of appeal. ***Hollingshead***, 125 A.3d 1199. However, Appellant did not file a petition for *writ of certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on January 12, 2016, ninety days after the Pennsylvania Supreme Court dismissed Appellant's appeal and the time for filing a petition for review with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S.Sup.Ct.R. 13. Thus, the instant PCRA petition, filed on January 11, 2018, is patently untimely.

---

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

As stated, if a petitioner does not file a timely PCRA petition, her petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, she must file his petition within sixty days of the date that the exception could be asserted.[3] 42 Pa.C.S. § 9545(b)(2).

Appellant attempts to satisfy the "newly recognized constitutional right" exception to the time-bar under Section 9545(b)(1)(iii), by arguing that the registration requirement imposed upon her pursuant to the Sexual Offenders Notification Act ("SORNA") is unconstitutional under our Supreme Court's July 19, 2017 decision in *Muniz*, 164 A.3d 1189, holding SORNA's registration provisions are punitive and retroactive application of SORNA's provisions violates the *ex post facto* clause of the Pennsylvania Constitution. This claim fails.

Regarding this exception, our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, **it provides that the right "has been held"**

---

[3] On October 24, 2018, the General Assembly amended section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented. 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, which is December 24, 2017, or thereafter. Here, Appellant's claim arose on July 19, 2017, the date that the decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2016), was filed. Therefore, the amendment is inapplicable because the decision in *Muniz* preceded December 24, 2017.

**by "that court" to apply retroactively**.  Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.  **The language "has been held" is in the past tense.  These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review.  By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed**.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007) (quoting *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002)) (emphases added).

We have held that *Muniz* created a substantive rule of constitutional law that must apply retroactively in timely PCRA proceedings. *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). Thereafter, in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018), we stated the following:

> [W]e acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017).  However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii).  *See* [*Commonwealth v.*] *Abdul-Salaam*, [812 A.2d 497, 501 (Pa. 2002)].  Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405-406.  Hence, in *Murphy*, we concluded that the substantive rule recognized in *Muniz* does not establish a timeliness exception

to the PCRA.[4]  Hence, no exceptions apply to exempt Appellant from failing to meet the timeliness requirement of the PCRA.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief.  **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).  Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition.  **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/2019

---

[4] Even if Appellant could rely on **Muniz** to establish a timeliness exception, her petition had to have been filed within sixty days of the decision, or by September 18, 2017.  It was not filed until three months later, on December 17, 2017.  42 Pa.C.S. § 9545(b)(2).  Consequently, for this additional reason, Appellant would not be entitled to invoke the timeliness exception.